UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JAMES BENSON,

    Plaintiff,

v.

ROSETTA STONE, LTD.,

    Defendants.

2:11-cv-1813-JCM-NJK

**REPORT & RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on the failure of Plaintiff, James Benson, to comply with Orders of the Court (#11).

**BACKGROUND**

The Court having reviewed this matter hereby makes the following findings:

1. Plaintiff, James Benson, filed this action against Rosetta Stone on November 10, 2011. *See*, Complaint, attached as Exhibit 2 to Motion to Proceed in Forma Pauperis (#1).

2. On November 30, 2011, the Court entered an Order (#2) scheduling a status hearing in this case for January 5, 2012. The Order (#2) was served on the Plaintiff, James Benson, by United States Postal Service Certified Mail on or before December 2, 2011. *See,* Acceptance of Service (#4).

3. The Plaintiff appeared for the January 5, 2012 hearing. The Court advised the Plaintiff that his Complaint was not sufficient and ordered the Plaintiff to amend his Complaint by January 31, 2012. *See*, Minutes of Proceedings (#5).

4.  On January 31, 2012, the Plaintiff filed his Amended Complaint with the Court. *See*, Amended Complaint, attached as Exhibit 1 to Motion to Proceed in Forma Pauperis (#6).

5.  On February 29, 2012, the Court entered an Order (#7) scheduling a status hearing in this case for April 2, 2012. The Order (#7) was served on the Plaintiff, James Benson, by United States Postal Service Certified Mail on or before March 2, 2012. *See,* Certified Mail Receipt (#9).

6.  The Plaintiff appeared for the April 2, 2012 hearing. The Court advised the Plaintiff that his Amended Complaint was not sufficient and ordered the Plaintiff to amend his Amended Complaint by April 30, 2012. *See*, Minutes of Proceedings (#11).

7.  The Plaintiff did not file a second Amended Complaint by April 30, 2012. Further, he did not request an extension nor file an Amended Complaint on a later date.

8.  On January 16, 2013, the Court issued an Order to Show Cause (#13) for Plaintiff's failure to comply with the Court Order (#11). The Order (#13) was served on the Plaintiff by United States Postal Service Certified Mail on or before January 22, 2012. *See,* Certificate of Service (#15).

9.  The Plaintiff appeared for the Show Cause hearing on January 31, 2013. However, he was unable to show cause for failing to comply with the Court's Order (#11).[1]

## DISCUSSION

Pursuant to Fed.R.Civ.P. 41(b), the Court may dismiss an action "[f]or failure of the Plaintiff to prosecute or to comply with these rules or any other rules of court." Fed.R.Civ.P. 41(b); see also *Hells Canyon Preservation Council v. United States Forest Service*, 403 F. Supp

---

[1] The Plaintiff stated he did not filed an Amended Complaint because he did not know how to write a complaint, he does not live near a bus station, he did not own a car at the time, and he assumed his case had been dismissed due to his failure to file the Amended Complaint.

1    3d 683, 689 (9th Cir. 2005) ("courts may dismiss under Rule 41(b) sua sponte").  Similarly, under
2    LR IA 4-1, after notice and opportunity to be heard, the Court may dismiss for failure to comply
3    with a Court Order or failure to comply with the Local Rules. LR IA 4-1(c) and (d).
4        In determining whether Plaintiff's failure to prosecute warrants dismissal of his case, the
5    Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of
6    litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4)
7    the public policy favoring disposition of cases on their merits; and (5) the availability of less
8    drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421at 1423 (9th Cir.1986)
9        Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to
10   comply with the Court's Order to file an Amended Complaint, to comply with Court-ordered
11   deadlines, to keep the Court informed of the status of his case, or to otherwise actively participate
12   in this case prevents the case from proceeding in the foreseeable future. The fourth factor, as
13   always, weighs against dismissal. The fifth factor requires the Court to consider whether a less
14   drastic alternative is available. Considering the Plaintiff's complete failure to prosecute his case
15   for over nine months, only one less drastic sanction is realistically available. Rule 41(b) provides
16   that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the
17   court in its order for dismissal otherwise specifies." In the instant case, a dismissal with prejudice
18   would be unnecessarily harsh as the Complaint and this action can be dismissed without
19   prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

20                                    **RECOMMENDATION**
21       Having heard these representations,
22       IT IS THE RECOMMENDATION of the undersigned Magistrate Judge that this case be
23   **DISMISSED WITHOUT PREJUDICE**.

24                                           **NOTICE**
25       Pursuant to Local Rule IB 3-2 [former LR 510-2] any objection to this Report and
26   Recommendation must be in writing and filed with the Clerk of the Court within (14) days after
27   service of this Notice.  The Supreme Court has held that the courts of appeal may determine that
28   an appeal has been waived due to the failure to file objections within the specified time. *Thomas*

1  *v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986).  This Circuit has also held
2  that (1) failure to file objections within the specified time and (2) failure to properly address and
3  brief the objectionable issues waives the right to appeal the District Court's order and/or appeal
4  factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th
5  Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this  1st  day of February, 2013.

_____
NANCY J. KOPPE
United States Magistrate Judge